UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVERTOP ASSOCIATES, INC., D/B/A RASTA IMPOSTA,<br><br>             Plaintiff,<br><br>     vs.<br><br>FUN WORLD, INC.,<br><br>             Defendant. | Civil Action No. |

**COMPLAINT**

1. Plaintiff Silvertop Associates, Inc., d/b/a Rasta Imposta ("Rasta Imposta") brings this complaint against Fun World, Inc. ("Fun World") asserting claims for copyright infringement under 17 U.S.C. § 501, for trade dress infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125, for breach of contract and for unjust enrichment. Rasta Imposta also seeks injunctive relief enjoining Fun World's unauthorized and further use of Rasta Imposta's intellectual property.

2. In 2010, Fun World infringed upon Rasta Imposta's intellectual property rights in Rasta Imposta's "Banana Design," which is described below, and the parties were able to settle the dispute amicably through a settlement agreement dated September 23, 2010. In that agreement, Fun World acknowledged Rasta Imposta's ownership of the Banana Design and agreed not to infringe upon the Banana Design in the future. The agreement further provided that any breach would cause Rasta Imposta irreparable harm and entitle Rasta Imposta not only to seek damages, but extraordinary and equitable relief, without the necessity of posting bond or a security.

3.	In breach of parties' settlement agreement, and despite Fun World's prior acknowledgement of Rasta Imposta's intellectual property rights in the Banana Design, Fun World recently renewed its infringement of the Banana Design.  Such infringement has resulted in  irreparable harm and significant commercial losses to Rasta Imposta.

## PARTIES

2.	Plaintiff Rasta Imposta is a New Jersey corporation with its principal place of business at 600 E. Clements Bridge Road, Runnemede, NJ 08078.

3.	Defendant Fun World is a New York Corporation, with offices at 80 Voice Road, Carle Place, NY 11514.

## JURISDICTION AND VENUE

4.	This Court has federal question jurisdiction over Rasta Imposta's federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

5.	This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

6.	This court has personal jurisdiction over Fun World because Fun World is engaged in the systematic and continuous conduct of business in the State of New Jersey.  Fun World's conduct in connection with the State of New Jersey required it reasonably to anticipate that it would be subject to the jurisdiction of the courts in the State of New Jersey.

7.	Moreover, the settlement agreement between Rasta Imposta and Fun World states that it is to be governed and construed in accordance with the laws of the State of New Jersey and that Fun World consents to personal jurisdiction, as well as venue, for any claim arising out of the agreement in the federal or state courts of New Jersey.

8.	Venue in the District of New Jersey is proper under 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

A.   **Rasta Imposta's Designs and Intellectual Property**

9.   Rasta Imposta is a company that designs, manufactures, and sells innovative and distinctive costumes for adults and children.

10.   Rasta Imposta began twenty years ago when its Chief Executive Officer, Robert Berman, created the Original Rasta Hat with sewn-in dreadlocks. The Original Dreadlock Hats were an instant success. This led to the creation of new designs and the company's expansion into the "Halloween Industry."

11.   In 1998, Rasta Imposta introduced a collection of costumes to complement its existing line of hats. Rasta Imposta now manufactures thousands of costumes and accessories for kids and adults of all ages.

12.   Crucial to Rasta Imposta's brand is that consumers recognize Rasta Imposta as a creator and manufacturer of unique costume designs that are made with high quality materials. Rasta Imposta strives to consistently create new and innovative looks that set it apart from other costume designers and manufacturers.

13.   Rasta Imposta began offering a banana costume design to the public on or about March 9, 2001 (the "Banana Design"). Examples of the Banana Design are shown below:

  

14. When it debuted in 2001, the Banana Design was the only costume design with this distinctive overall appearance.

15. The appearance and trade dress of Rasta Imposta's distinctive Banana Design is identified by a combination of arbitrary and distinct visual elements which make up its overall appearance, design, and trade dress, including, but not limited to the Banana Design's bright yellow color with black tips at the ends, the Banana Design's placement of the banana ends, and the cutout holes in the Banana Design.

16. Due to Rasta Imposta's manufacture and advertisement of the Banana Design between 2001 and the present, the Banana Design has become recognizable as a unique banana costume design throughout the United States.

17. The Banana Design includes nonfunctional, inherently-distinctive trade dress, which has been acquiring consumer recognition since 2001.

18. Rasta Imposta filed an application to register the Banana Design on or about March 23, 2010.

19. Rasta Imposta owns Copyright Registration No. VA 1-707-439, which was issued March 26, 2010, for the Banana Design.

B. **Fun World's Infringement of Rasta Imposta's Designs**

20. In the fall of 2010, Rasta Imposta discovered that one of its competitors, Fun World, was copying the Banana Design and other costume designs of Rasta Imposta's.

21. Fun World was offering two banana costumes nearly identical in appearance to Rasta Imposta's (Item No. 5495 and Item No. 5489) and hot dog costumes that were also copies of Rasta Imposta's hot dog costume designs.

22. Fun World's Item No. 5495 and Item No. 5489 appeared as follows:



23. Rasta Imposta immediately contacted Fun World through counsel, demanded that Fun World's copyright infringement cease, and negotiations ensued.

24. On September 23, 2010, Fun World signed a settlement agreement to address Fun World's unauthorized and infringing use of the Banana Design.

25. The agreement defined the "Designs" owned by Rasta Imposta to include not only the Banana Design that was the subject of Rasta Imposta's copyright registration, but any derivatives, enhancements, or improvements on or to the Banana Design.

26. The agreement further acknowledged that Rasta Imposta was the owner of the Banana Design, that Rasta Imposta possesses and will continue to possess all rights to the Banana Design, and that Fun World acknowledged Rasta Imposta's rights in the Banana Design and the validity and sustainability of those rights.

27. In the agreement, Fun World also agreed to permanently cease any and all manufacture, sale, distribution, offering, advertising, marketing or promotion of the Banana Design in the future.

28. The settlement agreement allowed Fun World to continue to manufacture a banana design that was a "bruised" or browned banana design with a hat. The color of this banana was not bright yellow; it was browned.

29. Rasta Imposta agreed to allow Fun World to use the "bruised" banana design as a concession, because it felt that the browned color of the banana design helped to distinguish the designs.

30. Following this settlement agreement, the dispute between the parties appeared to have been resolved.

C. **Fun World's Renewed Infringement of the Banana Design**

31. In May 2012, Rasta Imposta discovered that Fun World was once again copying the Banana Design.

32. The following banana costume designs are currently being sold by Fun World:



33. These designs are substantially and confusingly similar to Rasta Imposta's Banana Design.

34. These banana designs, unlike the "bruised" banana costume design that Rasta Imposta agreed was permissible for Fun World to use, are bright yellow with black ends.

6

35. The designs have the same shape as the Banana Design, the ends of the banana are placed similarly to the Banana Design, and the cut out holes are similar to the Banana Design.

36. Moreover, Fun World has been targeting the major retailers that purchase Rasta Imposta's Banana Design, and asking those retailers to purchase Fun World's banana costume designs instead.

37. As a result, Rasta Imposta lost the opportunity to sell its Banana Design to major retailers across the United States.

38. Rasta Imposta has suffered significant financial harm and irreparable harm to its reputation as a result of Fun World's copyright infringement and breach of contract.

**Count I – Copyright Infringement Under the Copyright Act**

39. Rasta Imposta repeats and incorporates all other paragraphs of the Complaint as if fully set forth herein.

40. The Banana Design that is the subject of Copyright Registration No. VA 1-707-439, issued March 26, 2010, is the intellectual property of Rasta Imposta.

41. Fun World has infringed upon Rasta Imposta's Banana Design.

42. The costumes currently being sold by Fun World are bright yellow and substantially similar to Rasta Imposta's Banana Design.

43. The infringement of Rasta Imposta's copyrighted materials has been willful, intentional, and in total disregard of Rasta Imposta's copyrights, in violation of 17 U.S.C. § 501 et seq.

44. Fun World did not have license, authorization or the consent of Rasta Imposta to again use a substantially-similar banana design.

45. As a result of Fun World's infringement of Rasta Imposta's copyrights and exclusive rights under copyright, Rasta Imposta is entitled pursuant to 17 U.S.C. § 504 to either disgorgement of profits and recovery of actual damages, or statutory damages.

46. Rasta Imposta is further entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

47. Fun World's conduct is resulting in irreparable damage to Rasta Imposta and Rasta Imposta has no adequate remedy at law.

48. Fun World's infringement of Rasta Imposta's copyright has damaged, and is continuing to damage, Rasta Imposta in an amount to be determined at trial.

49. Accordingly, Rasta Imposta seeks an order under 17 U.S.C § 502 enjoining Fun World's copyright infringement.

50. By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, either actual or statutory damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

## Count II – Trade Dress Infringement Under the Lanham Act

51. Rasta Imposta repeats and incorporates each paragraph of the Complaint as if set forth fully herein.

52. The Banana Design is inherently distinctive and has acquired distinctiveness through secondary meaning.

53. The Banana Design is a non-functional with a protectable overall appearance.

54. Fun World's imitation of the Banana Design is likely to cause consumer confusion in consumer's minds as to the source of the product.

55. Consumers associate the Banana Design trade dress with Rasta Imposta, due to Rasta Imposta's continuous and widespread use of the design since 2001.

56. Consumers are likely to see Fun World's infringing designs and associate those designs with Rasta Imposta, or to see both parties' designs, which are substantially similar, and assume those designs are created and manufactured by the same company.

57. Rasta Imposta cannot control the quality or features of Fun World's costume designs, and if Fun World creates an inferior banana costume design, consumers are likely to incorrectly associate that product with Rasta Imposta.

58. Rasta Imposta has been and continues to be damaged by Fun World's activities and conduct. Accordingly, Rasta Imposta is entitled to recover their damages, as well as Fun World's profits received as a result of the infringement, pursuant to 15 U.S.C. §1117(a).

59. Unless Fun World's conduct is enjoined, Rasta Imposta and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

60. By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, trebled damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

## Count III – Unfair Competition Under the Lanham Act

61. Rasta Imposta repeats and incorporates each paragraph of the Complaint as if set forth fully herein.

62. Fun World's conduct constitutes unfair competition, in that Fun World is attempting to benefit commercially from the consumer goodwill Rasta Imposta has in its distinctive designs.

63. Fun World's conduct in copying the Banana Design and Rasta Imposta's trade dress is likely to cause consumer confusion as to the source of the products offered by Fun World.

64. Fun World's wrongful conduct arises directly out of and is connected to its advertising activities.

65. Such acts constitute acts of unfair competition against Rasta Imposta under 15 U.S.C. § 1125.

66. Rasta Imposta has been and continues to be damaged by Fun World's activities and conduct. Accordingly, Rasta Imposta is entitled to recover their damages, as well as Fun World's profits received as a result of the infringement, pursuant to 15 U.S.C. §1117(a).

67. Unless Fun World's conduct is enjoined, Rasta Imposta and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

68. By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, trebled damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

## Count IV – Breach of Contract

69. Rasta Imposta repeats and incorporates all other paragraphs of the Complaint as if fully set forth herein.

70. Rasta Imposta and Fun World entered into a settlement agreement that prohibited Fun World's further use of the bright yellow banana costume design, derivatives, enhancements or improvements of the designs, or substantially similar costume designs.

71. In the agreement, Fun World acknowledged Rasta Imposta's rights to and ownership of the Banana Design.

72. By manufacturing, offering and selling the bright yellow banana costume designs pictured above, Fun World breached its settlement agreement with Rasta Imposta.

73. The breach of the agreement has caused ongoing and irreparable harm to Rasta Imposta's business and reputation. The agreement provides that its breach will entitle Rasta Imposta to injunctive relief.

74. Rasta Imposta has no adequate remedy at law and this conduct has damaged Rasta Imposta in an amount to be determined at trial. Accordingly, Rasta Imposta seeks an order enjoining Fun World's further manufacture and sale of products that are substantially similar to its banana costume design.

75. By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, compensatory damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

## Count V – Unjust Enrichment

76. Rasta Imposta repeats and incorporates the prior allegations of this Complaint, as if set forth fully herein.

77. Fun World has benefited from its unfair competition, infringement, and breach of contract by acquiring contracts with retailers that would otherwise have benefited Rasta Imposta.

78. Rasta Imposta had a reasonable expectation that Fun World would comply with the settlement agreement and cease its infringement.

79. Fun World has been unjustly enriched by its unfair competition, infringement, and breach of the parties' settlement agreement.

80. Fun World's actions constitute an unjust retention of benefit owed to Rasta Imposta, which is contrary to the principles of equity and justice.

81. As a result of Fun World's conduct, Rasta Imposta has suffered, and continues to suffer, damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rasta Imposta prays for relief and judgment, and requests that the Court:

(A)   enter judgment against Fun World and in favor of Rasta Imposta with respect to each claim for relief alleged in this Complaint;

(B)   award Rasta Imposta injunctive relief, either actual and/or statutory damages, and its costs and attorneys' fees, pursuant to the Copyright Act;

(C)   award Rasta Imposta injunctive relief, trebled damages and its costs and attorneys' fees, pursuant to the Lanham Act;

(D)   award Rasta Imposta injunctive relief, compensatory damages, and its costs and attorneys' fees on its breach of contract and unjust enrichment claims; and

(E)   award such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FLASTER/GREENBERG P.C.**

Dated: May 22, 2012          By:   /s/
Alexis Arena
Elisa Bramble
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900
Fax: (856) 661-1919
alexis.arena@flastergreenberg.com
elisa.bramble@flastergreenberg.com
*Attorneys for Plaintiffs*